MEMORANDUM **
Robert Orujyan, a native and citizen of Armenia, petitions for review of the decision by an Immigration Judge (“IJ”), affirmed by the Board of Immigration Appeals (“BIA”) without opinion, denying his application for asylum and withholding of removal.[1] We grant the petition.
1. We review Orujyan’s adverse credibility argument under the substantial evidence standard. Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007). The IJ primarily based her adverse credibility finding on her determination that several inconsistencies existed between Orujyan’s testimony before the IJ and his asylum application and written declaration submitted with his application. We find that the inconsistencies do not provide substantial evidence to support an adverse credibility determination, because the discrepancies were most likely due to problems Orujyan had with his translator in creating both his asylum application and declaration. Furthermore, Orujyan’s attorney admittedly did not review the application (written in English) with Orujyan in the Armenian language prior to Orujyan’s hearing before the IJ. The IJ unfortunately never considered or addressed these reasons for the discrepancies. See Singh v. Gonzales, 439 F.3d 1100, 1105-06 (9th Cir.2006) (holding that “an adverse credibility finding is improper when an IJ fails to address a petitioner’s explanation for a discrepancy or inconsistency”) (quoting Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004)). Additionally, some of the discrepancies were minor, and did not relate to the basis of Orujyan’s fear of persecution. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003).
The IJ also based her adverse credibility finding on personal speculation, an inappropriate basis for an adverse credibility *561 finding. See Shah v. INS, 220 F.3d 1062, 1071 (9th Cir.2000).
2. We review the IJ’s determination that Orujyan “failed to sustain his burden of proof in regard to any of the elements of the [asylum and withholding of removal] claims” under a substantial evidence standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997); Ahmed v. Keisler, 504 F.3d 1183, 1200 (9th Cir.2007). Because the IJ did not point to any factual evidence to support this finding, we reverse this holding. See Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001) (holding that an IJ’s findings on the merits of claims of asylum and withholding of removal must be substantiated with “reasonable, substantial and probative evidence in the record”). We remand for proceedings consistent with this disposition.
PETITION GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The IJ also denied Orujyan's petition for protection under the Convention Against Torture, but Orujyan did not appeal this determination.